## MacFARLANE v. HADEN et al. *

(Circuit Court of Appeals, Fifth Circuit. February 1, 1926. Rehearing Denied February 22, 1926.)

### No. 4573.

Navigable waters ⬥⟹24—Decree dismissing libel for damages to barge, coming in contact with upright timbers of sunken barge when unloading it, held proper, in view of conflicting testimony as to party controlling placing of barge.

Decree dismissing libel for damages to derrick barge, when unloading mud shell from sunken barge, by reason of coming in contact with upright timbers of sunken barge, *held* proper, in view of conflicting testimony as to whether the barge was placed in such position under orders of libelant, or under orders of respondent.

Appeal from the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Libel by A. C. MacFarlane against W. D. Haden and others. From a decree dismissing the libel, libelant appeals. Affirmed.

C. W. Howth and M. G. Adams, both of Beaumont, Tex. (Lamar Hart and David E. O'Fiel, both of Beaumont, Tex., on the brief), for appellant.

D. D. McDonald and Jas. W. Wayman, both of Galveston, Tex., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellant filed a libel in admiralty against the barge

*Certiorari denied 46 S. Ct. 629, 70 L. Ed. ——.

Florence, W. D. Haden, and W. D. Haden Company, a corporation, to recover damages for injuries sustained by a derrick barge owned by the appellant, while that barge was used in rendering services for the Florence or its owner, after the Florence, when loaded with a cargo of mud shell, was sunk in Taylor's Bayou, in the Sabine river, near Port Arthur. The libel, as it was amended, contained allegations to the effect that the Florence was owned by W. D. Haden or said corporation, and was delivered to respondents' agent at the place where their barge was sunk, "to be used by the respondents through their agents and servants, and to be wholly controlled and managed by the said respondents, through their agents and servants, in such manner as they saw fit, in an effort to raise and save respondents' sunken barge and its cargo of mud shell," and that appellant's barge was injured in consequence of respondents and their agents requiring it to be placed so that part of it was over the Florence, and telling appellant's employees on his barge that that place was clear of the Florence, with the result that appellant's barge came in contact with certain upright timbers of the Florence and was injured. The answer to the amended libel alleged that W. D. Haden was the owner of the Florence when the alleged injury occurred, and that said corporation was the owner when the answer was filed. The other abovementioned allegations were put in issue. The appeal is from a decree dismissing the libel.

The evidence was in conflict as to the agreement under which the appellant's barge and the crew thereof were furnished, and as to the circumstances of the placing of it over part of the Florence, with the above-stated result. Appellant's barge, with its crew, employees of appellant, was sent, following a telephone conversation between a representative of W. D. Haden and a representative of appellant at Orange, Tex. The testimony of appellant's representative, who was a party to that telephone conversation, was to the effect that Haden's representative stated that they had a barge sunk with mud shell, and requested that a barge be sent for them to use in taking the mud shell off the sunken barge and in lightering that barge. The testimony of Haden's representative as to the telephone conversation was to the effect that he stated to appellant's representative that he had a sunken shell barge down there at Port Arthur, and would like for him to come down and take the shell off, and that appellant's barge and its crew of three men came in response to that request.

Evidence without conflict showed that, after the appellant's barge was placed between the Florence and another barge belonging to Haden, appellant's barge and its crew, from between 9 and 10 o'clock in the morning until late in the afternoon, were engaged in taking shell from the Florence and depositing it on said other barge. During all that time one end of the Florence was above water and in plain view, the remainder of it being under water. The shell was put on the bow end of the barge to which it was transferred, causing that end to be tilted down below a hole, through which water leaked into it. When this was noticed, late in the afternoon, Haden's representative told the member of the appellant's crew who was operating the derrick to shift the shell from the bow of the barge to which it was transferred, and move it back so that the hole would be above the water. Testimony of witnesses for the appellant was to the effect that, after the crew of appellant's barge shifted it to a position to enable it to move the shell from the bow of the other barge, one of appellant's crew asked Haden's representative if appellant's barge was in the clear of the sunken barge, and he said appellant's barge was at least 15 feet clear of the sunken barge. Witnesses for the appellees testified to the effect that the position of appellant's barge was shifted, and it was placed by its crew where it was injured while Haden's representative was absent at supper, and that Haden's representative did not know of the position to which appellant's barge was shifted until after it had been so shifted, and after a hole in it had been made by a projecting timber of the Florence, when, by the use of a sounding pole, he discovered that part of the appellant's barge was on top of part of the Florence.

It seems hardly reasonable to infer that, after the members of appellant's crew on his barge had been working practically all day alongside the Florence, part of it being above water, they were not as well informed as Haden's representative as to the location of the part of it which was under water. Any doubt as to the exact location of the sunken part of it could readily have been dispelled by the use of a sounding pole, or something else serving the same purpose. But, without regard to this consideration, we are of opinion that the record is not such as to justify us in saying that the claim asserted by the appellant was sustained by a preponderance of the evidence. The evidence consisted of testimony of witnesses given in the presence of the trial judge. A phase of that evidence supported a finding that

there was not such a letting or demise by the appellant of its barge and crew that the members of the crew ceased to be appellant's employees while they were engaged in the operations about the Florence, and that during such operations the control of appellant's barge in such matters as the shifting of its position and the selection of the place for it to be while in operation remained with its crew as employees of appellant, though Haden or his representative gave directions as to where the shell taken from the Florence was to be placed. New Orleans-Belize S. S. Co. v. United States, 36 S. Ct. 76, 239 U. S. 202, 60 L. Ed. 227; Bramble v. Culmer, 78 F. 497, 24 C. C. A. 182.

The record does not convincingly show that a finding in accordance with the just-mentioned phase of the evidence was not justifiable. The record furnishes no satisfactory basis for the conclusion that the testimony tending to prove that the placing and leaving of appellant's barge where it was subjected to injury was influenced by a statement of Haden's representative that it was then clear of the Florence was more entitled to credence than the testimony to the effect that the place where appellant's barge was injured was selected by his own employees, uninfluenced by anything said by Haden's representative, and that the injury complained of was not due to any fault chargeable against the Florence or its owner. We conclude that it does not appear from the record that the court was in error in dismissing the libel.

The decree to that effect is affirmed